```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIKHAIL RODGERS, et al.        :    CIVIL ACTION
                               :    06-1640
         Plaintiffs,           :
                               :
         v.                    :
                               :
SOUTHEASTERN PENN. TRANS. CO.  :
et al.,                        :
                               :
         Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              October 5, 2006

I.  **BACKGROUND**

Plaintiffs Mikhail Rodgers, Christopher Heard and Ikera Easley (collectively "Plaintiffs") brought this action in the Philadelphia County Court of Common Pleas ("CCP") against defendants Southeastern Pennsylvania Transit Authority ("SEPTA") and Cherita Goodwin Hunley ("Hunley") for injuries arising out of a motor vehicle accident on January 30, 2004. Plaintiffs were passengers on a SEPTA bus that was involved in an accident with a United States Postal Service ("USPS") truck driven by Hunley.

SEPTA asserted a cross-claim against Hunley alleging that he was solely liable or jointly and severally liable to the Plaintiffs with SEPTA. Because Hunley was acting as a USPS employee during the accident, she was able to remove this action to federal court (doc. no. 1). Then, on August 24, 2006, this Court substituted the United States as a defendant in place of Hunley, dismissed Plaintiffs' claims against the United States

for lack of jurisdiction as Plaintiffs had not exhausted their administrative remedies, and remanded Plaintiffs' remaining state claims against SETPA back to the CCP for lack of jurisdiction (doc. no. 8).

On August 25, 2005, this Court <u>sua sponte</u> vacated its Order of August 24, 2006 to the extent that it dismissed for lack of jurisdiction (doc. no. 9).  The Court invited the parties to submit briefing on the issue of subject matter jurisdiction by September 11, 2006.  The United States submitted timely briefing in support of this Court's retaining jurisdiction of all pending claims.  SEPTA submitted untimely briefing[1] on September 26, 2006 that stated simply that SEPTA agreed with the United States' position.

**II.   RECONSIDERATION OF REMAND**

Federal district courts have exclusive jurisdiction over tort actions brought against an employee of the United States acting within the scope of her employment.  28 U.S.C. § 1346.  This exclusive jurisdiction extends to claims brought against the United States for contribution as joint tortfeasors. <u>See</u> <u>Beneficial Consumer Discount Co. v. Poltonowicz</u>, 47 F.3d 91,

---

[1] Counsel for SETPA explains that he has "diligently searched his litigation file and correspondence and cannot locate a copy of the earlier order" setting for the briefing deadline. SETPA's Brf. at 2.

96-97 (3d Cir. 1995) (citing Lockheed Aircraft Co. v. United States, 460 U.S. 190, 196-98 (1983); United States v. Yellow Cab Co., 340 U.S. 543, 546-52 (1951).

Claims for contribution against the government are prohibited, however, when permitting the claims to go forward effectively would defeat the purposes of a particular exception to the government's waiver of sovereign immunity.  Beneficial, 47 F.3d at 96 (3d Cir. 1995) (district court properly dismissed cross-claim for contribution against the United States because it "sounds in misrepresentation or deceit" and § 2680(h) of the Federal Tort Claims Act specifically preserves the sovereign immunity of the United States with respect to such claims).

Here, allowing SETPA's cross-claim against the United States for contribution would not defeat any exception to the government's waiver of sovereign immunity under the FTCA.  See 28 U.S.C. § 2680.  Thus, the only remaining question is whether a district court retains jurisdiction over a co-defendant's cross-claim for contribution against the United States even after the plaintiff's claim against the United States has been dismissed.

In Carr v. American Red Cross, the Third Circuit upheld jurisdiction in these exact circumstances.  In Carr, plaintiff brought suit to recover damages from a hospital and the American Red Cross ("Red Cross") as a result of a blood transfusion.  17 F.3d 671 (3d Cir. 1994).  The hospital cross-claimed against the

Red Cross.  Id. at 673.  After plaintiffs and Red Cross entered into a joint tortfeasor release agreement, however, the court dismissed Red Cross entirely from the suit and remanded the case to state court.  Id.  On appeal, the Third Circuit reversed the district court, because its decision to dismiss Red Cross ignored the existence of the hospital's cross-claim against Red Cross.  Id. at 683.  The cross-claim required Red Cross' continued presence in the litigation and created a basis of original subject matter jurisdiction independent of plaintiffs' direct claim against Red Cross.[2]  Id.; accord McKnight v. American Red Cross, No. 92-4038, 1994 U.S. Dist. LEXIS 9046 (E.D.Pa. July 6, 1994) (Waldman, J.) (noting that where plaintiffs sued doctor and Red Cross for receiving HIV infected blood transfusions, and then plaintiffs voluntarily dismissed claim against the Red Cross, court's jurisdiction over the case was premised solely on a cross-claim against the Red Cross by the doctor).

Here, there is no exception in the Federal Tort Claims act that would prevent this Court from exercising its exclusive

---

[2]   The Third Circuit explained that although plaintiffs and the district court relied on the terms of the joint tortfeasor release to justify the dismissal of Red Cross, and the subsequent remand to state proceedings, a review of the release, and Pennsylvania law disclosed that the release cannot be construed to satisfy any of the Pennsylvania cases that could suggest such a result: under Pennsylvania law, a defendant has the right to require a co-defendant settling on a pro-rata release to remain in the case through trial and verdict to establish joint tortfeasor status.  Carr v. American Red Cross, 17 F.3d 671, 683 (3d Cir. 1994)

jurisdiction over SEPTA's claim against the United States for contribution.  Moreover, under Carr and McKnight, it is clear that this Court retains jurisdiction over SETPA's cross-claim against the United States.  Finally, this Court has supplemental jurisdiction over Plaintiffs' claims against SETPA because they are part of the same case or controversy as SEPTA's cross-claim.  Thus, the Court has jurisdiction over all existing claims in this case.

**III. SUSPENSE OF THE CASE**

In its Memorandum Concerning Continuing Subject Matter Jurisdiction (doc. no. 10), the United States asks this Court to suspend or stay this case to give Plaintiffs an opportunity to exhaust administrative remedies against the United States.  This request is in the court's view, reasonable and consistent with notions of judicial economy.

**IV.  CONCLUSION**

For the reasons set forth above, the motion for reconsideration will be granted and the case will be placed in suspense until Plaintiffs have had an opportunity exhaust their administrative remedies.

An appropriate order will be entered.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIKHAIL RODGERS, et al.        :   CIVIL ACTION
                               :   06-1640
          Plaintiffs,          :
                               :
     v.                        :
                               :
SOUTHEASTERN PENN. TRANS. CO.  :
et al.,                        :
                               :
          Defendants.          :
```

**ORDER**

**AND NOW**, this **5th** day of **October, 2006,** upon a hearing on the Court's *sua sponte* motion to reconsider whether the Court has subject matter jurisdiction to hear the case (doc. no. 9) it is hereby **ORDERED** that the motion is granted.

It is **FURTHER ORDERED** that this case shall be placed in **SUSPENSE** until such time as Plaintiffs advise the Court that they have exhausted their administrative remedies and that the case is ready to be returned to the active docket.

**AND IT IS SO ORDERED.**

  S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**